IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:21-CV-00234

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **VERIFIED COMPLAINT FOR** |
| ) | **FORFEITURE *IN REM*** |
| APPROXIMATELY $3,910.00 IN U.S. ) | |
| CURRENCY seized from Wesley Adam ) | |
| Rogers on or about April 6, 2021, in ) | |
| McDowell County, North Carolina, ) | |
| ) | |
| Defendant. ) | |

NOW COMES the United States of America, Plaintiff herein, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## NATURE OF ACTION

1. This is a civil action *in rem* against approximately $3,910.00 in United States Currency ("the Defendant Currency") seized from Wesley Adam Rogers on or about April 6, 2021, in McDowell County, North Carolina.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Currency, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

4. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Currency is located in the Western District of North Carolina.

5. The Defendant Currency was seized within and is now within the Western District of North Carolina.

## BASIS FOR FORFEITURE

6. This civil action is brought against the Defendant Currency because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## FACTS

7. On April 6, 2021, Deputy Watson with the McDowell County Sheriff's Office, with assistance from other officers, conducted a driver's license checkpoint at the intersection of Harmony Grove Road and Fairview Road in Nebo, North Carolina.

2

8. While performing the checkpoint, Deputy Watson encountered a burgundy GMC Sierra pickup truck.

9. The truck was operated by an individual named Wesley Adam Rogers. Tommy Lynn Burelson was the front-seat passenger.

10. Upon learning that Mr. Rogers had a suspended driver's license, Deputy Watson asked him to pull the truck over.

11. North Carolina Highway Patrol Trooper Ruppe issued Mr. Rogers a citation for driving without a valid driver's license.

12. Deputy Watson went to speak with Mr. Rogers.

13. When he approached the truck, Deputy Watson detected an odor of marijuana coming from the vehicle.

14. Deputy Watson asked Mr. Rogers if he could search the vehicle. Mr. Rogers consented.

15. Deputy Watson asked Mr. Rogers to exit the vehicle, and requested permission to conduct a pat-down search. Mr. Rogers consented.

16. When Deputy Watson conducted the pat-down, he felt a large bulge in Mr. Rogers' right shorts pocket. Mr. Rogers stated that the bulge was his money.

17. Deputy Watson also asked Mr. Burelson to exit the vehicle, and requested permission to conduct a pat-down search. Mr. Burelson consented.

18. While conducting a pat-down search of Mr. Burelson, Deputy Watson observed Mr. Burleson throw something. When Deputy Watson asked Mr. Burleson what he had thrown, Mr. Burleson replied that it was a blunt.

19. After conducting pat-down searches of both Mr. Rogers and Mr. Burelson, Deputy Watson proceeded to search the truck.

20. During a search of the truck, Deputy Watson located a clear plastic bag with a green leafy substance that was tied in a knot in the top of the center console. Deputy Watson located a second clear plastic bag with a green leafy substance shoved between the passenger seat and the center console area of the truck.

21. Based upon Deputy Watson's training and experience, the green leafy substance in the two clear plastic bags appeared to be marijuana.

22. Under the center console, Deputy Watson located a clear plastic bag that contained a white crystalline substance.

23. Based upon Deputy Watson's training and experience, the white crystalline substance in the clear plastic bag appeared to be methamphetamine.

24. Deputy Watson weighed the plastic bag containing the white crystalline substance. It weighed approximately 38 grams, which is considered a trafficking level of methamphetamine. Lab analysis later confirmed that the white crystalline substance was methamphetamine.

25. Mr. Rogers and Mr. Burelson were placed into custody and provided *Miranda* warnings.

26. Mr. Rogers yelled that the "drugs were not his and this was bullshit."

27. In contrast, Mr. Burelson stated that Mr. Rogers knew about the drugs because they had just purchased them from Kayla Bates and they were on their way to sell them in Nebo.

28. Both Mr. Rogers and Mr. Burelson were charged with trafficking methamphetamine and possession of marijuana.

29. The money in Mr. Rogers' pocket was seized and is the Defendant Currency in this action.

30. Contrary to what Mr. Rogers said at the scene, while in transport to the McDowell County courthouse, Mr. Rogers stated that the Defendant Currency belonged to Mr. Burelson.

31. Mr. Rogers also stated that he did not know anything about the drugs found under the center console. However, at the time that Mr. Rogers made this statement, the officers had not told him where the drugs were located, further confirming his knowledge of the drugs in the truck.

32. The Defendant Currency was adopted by the Drug Enforcement Administration ("DEA") for forfeiture and it was converted to a cashier's check payable to the U.S. Marshals Service.

33. Mr. Rogers has a prior criminal history, including previous incidents involving trafficking heroin and possession of methamphetamine.

34. Mr. Burelson also has a prior criminal history, including previous incidents involving crack cocaine and methamphetamine.

## ADMINISTRATIVE FORFEITURE

35. DEA initiated an administrative forfeiture action against the Defendant Currency.

36. On May 28, 2021, Mr. Rogers filed a claim as to the Defendant Currency.

37. The United States now files this Complaint in response to that claim.

38. The following persons may have or claim an interest in the Defendant Currency:

Wesley Adams Rogers
228 Jonestown Road
Bostic, NC 28018

Tony Lynn Burleson
760 Cherokee Way
Marion, NC 28752

## CONCLUSION

39. By virtue of the foregoing, all right, title, and interest in the Defendant Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Currency be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 25th day of August, 2021.

                    WILLIAM T. STETZER
                    ACTING UNITED STATES ATTORNEY

                    **s/ Jonathan D. Letzring**
                    JONATHAN D. LETZRING
                    Assistant United States Attorney
                    Georgia Bar No. 141651
                    Room 233, U.S. Courthouse
                    100 Otis Street
                    Asheville, North Carolina 28801
                    Telephone No. (828) 271-4661
                    jonathan.letzring@usdoj.gov

# **VERIFICATION**

I am a Special Agent with the Drug Enforcement Administration. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: 08/23/2021

Andrew G. Scripture
DEA Special Agent