# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:21-cv-00234-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> APPROXIMATELY $3,910.00 IN U.S. ) <br> CURRENCY seized from Wesley ) <br> Adam Rogers on or about April 6, ) <br> 2021, in McDowell County, North ) <br> Carolina, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER OF DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment. [Doc. 7]. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the approximately $3,910.00 in U.S. Currency ("Defendant Currency") seized from Wesley Adam Rogers as identified in the Verified Complaint.

## FACTUAL BACKGROUND

The following is a recitation of the relevant, admitted facts.[1]

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive

On April 6, 2021, Deputy Watson with the McDowell County Sheriff's Office, with assistance from other officers, conducted a driver's license checkpoint at the intersection of Harmony Grove Road and Fairview Road in Nebo, North Carolina. [Id. at ¶ 7]. While performing the checkpoint, Deputy Watson encountered a burgundy GMC Sierra pickup truck. [Id. at ¶ 8]. The truck was operated by an individual named Wesley Adam Rogers. [Id. at ¶ 9]. Tommy Lynn Burelson was the front-seat passenger. [Id.]. Upon learning that Mr. Rogers had a suspended driver's license, Deputy Watson asked him to pull the truck over. [Id. at ¶ 10]. North Carolina Highway Patrol Trooper Ruppe issued Mr. Rogers a citation for driving without a valid driver's license. [Id. at ¶ 11].

Deputy Watson went to speak with Mr. Rogers. [Id. at ¶ 12]. When he approached the truck, Deputy Watson detected an odor of marijuana coming from the vehicle. [Id. at ¶ 13]. Deputy Watson asked Mr. Rogers if he could search the vehicle. [Id. at ¶ 14]. Mr. Rogers consented. [Id.]. Deputy Watson asked Mr. Rogers to exit the vehicle, and requested permission to conduct a pat-down search. [Id. at ¶ 15]. Mr. Rogers consented. [Id.]. When Deputy Watson conducted the pat-down, he felt a

---

pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint [Doc. 1] are deemed admitted as true.

large bulge in Mr. Rogers' right shorts pocket. [Id. at ¶ 16]. Mr. Rogers stated that the bulge was his money. [Id.]. Deputy Watson also asked Mr. Burelson to exit the vehicle, and requested permission to conduct a pat-down search. [Id. at ¶ 17]. Mr. Burelson consented. Id. While conducting a pat-down search of Mr. Burelson, Deputy Watson observed Mr. Burleson throw something. [Id. at ¶ 18]. When Deputy Watson asked Mr. Burleson what he had thrown, Mr. Burleson replied that it was a blunt. [Id.].

After conducting pat-down searches of both Mr. Rogers and Mr. Burelson, Deputy Watson proceeded to search the truck. [Id. at ¶ 19]. During a search of the truck, Deputy Watson located a clear plastic bag with a green leafy substance that was tied in a knot in the top of the center console. [Id. at ¶ 20]. Deputy Watson located a second clear plastic bag with a green leafy substance shoved between the passenger seat and the center console area of the truck. [Id.]. Based upon Deputy Watson's training and experience, the green leafy substance in the two clear plastic bags appeared to be marijuana. [Id. at ¶ 21]. Under the center console, Deputy Watson located a clear plastic bag that contained a white crystalline substance. [Id. at ¶ 22]. Based upon Deputy Watson's training and experience, the white crystalline substance in the clear plastic bag appeared to be methamphetamine. [Id. at ¶ 23]. Deputy Watson weighed the plastic

bag containing the white crystalline substance. [Id. at ¶ 24]. It weighed approximately 38 grams, which is considered a trafficking level of methamphetamine. [Id.]. Lab analysis later confirmed that the white crystalline substance was methamphetamine. [Id.].

Mr. Rogers and Mr. Burelson were placed into custody and provided Miranda warnings. [Id. at ¶ 25]. Mr. Rogers yelled that the "drugs were not his and this was bullshit." [Id. at ¶ 26]. In contrast, Mr. Burelson stated that Mr. Rogers knew about the drugs because they had just purchased them from Kayla Bates and they were on their way to sell them in Nebo. [Id. at ¶ 27]. Both Mr. Rogers and Mr. Burelson were charged with trafficking methamphetamine and possession of marijuana. [Id. at ¶ 28].

The money in Mr. Rogers' pocket was seized and is the Defendant Currency in this action. [Id. at ¶ 29]. Contrary to what Mr. Rogers said at the scene, while in transport to the McDowell County courthouse, Mr. Rogers stated that the Defendant Currency belonged to Mr. Burelson. [Id. at ¶ 30]. Mr. Rogers also stated that he did not know anything about the drugs found under the center console. [Id. at ¶ 31]. However, at the time that Mr. Rogers made this statement, the officers had not told him where the drugs were located, further confirming his knowledge of the drugs in the truck. [Id.]. Mr. Rogers has a prior criminal history, including previous incidents

involving trafficking heroin and possession of methamphetamine. Mr. Burelson also has a prior criminal history, including previous incidents involving crack cocaine and methamphetamine.

## **PROCEDURAL BACKGROUND**

On August 25, 2021, the Government filed a Verified Complaint for Forfeiture *in Rem*, alleging that the Defendant Currency seized from Mr. Rogers is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). [Doc. 1]. On August 31, 2021, the Clerk issued a Warrant of Arrest *in Rem* for the Defendant Currency. [Doc. 2].

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on September 2, 2021, the Government mailed notice and a copy of the Complaint to Mr. Rogers and Ms. Burleson. [Doc. 4]. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on September 3, 2021. [Id.].

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency.

## **DISCUSSION**

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to

civil forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency.

After careful review, the Court finds that the Government has established that default judgment is appropriate.

## **JUDGMENT**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment [Doc. 7] is hereby **GRANTED**, and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**IT IS SO ORDERED.**

Signed: January 19, 2022

Martin Reidinger
Chief United States District Judge